UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2004 FEB 3 AM 10 13

BY _____ CLERK

DEPUTY CLERK

JEANETTE O'BRIEN,

     Plaintiff,

v.

HOME DEPOT U.S.A., INC.,

     Defendant

Civil Action No.   2:04-cv-27

## NOTICE OF REMOVAL

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF VERMONT**

Defendant Home Depot U.S.A., Inc. ("Defendant") respectfully states the following facts in support of its Notice of Removal:

1.    Plaintiff Jeanette O'Brien ("Plaintiff")brought an action against Defendant in the Chittenden County, Vermont Superior Court captioned *O'Brien v. Home Depot U.S.A., Inc.*, Docket No. S0044-2004CnC. On or about January 14, 2004, Defendant received the Summons and Complaint, copies of which are attached hereto as Exhibit A. No further proceedings have occurred therein.

2.    The above-described action is a civil action arising out of Plaintiff's alleged termination by Defendant from the position of head of the credit sales department in Home Depot's Williston, Vermont store.

3.    The action described in Paragraph 2 hereof is a civil action, of which this court has original jurisdiction under the provisions of 28 U.S.C. § 1331, and is one which may be

removed to this Court by the petitioner, Defendant therein, pursuant to the provisions of 28

U.S.C. § 1441, in that Plaintiff asserts a claim for violation of the federal Employee Retirement

Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1161-1169.

4.      This Court also has original jurisdiction under the provisions of 28 U.S.C. § 1332,

in that it is a civil action wherein the matter in controversy exceeds the sum or value of $75,000,

exclusive of interest and costs, and is between citizens of different states.

5.      Plaintiff at the time the aforesaid action was commenced was and still is a citizen

of the State of Vermont, and Defendant, Home Depot U.S.A., Inc., at the time said action was

commenced was and still is a corporation incorporated under the laws of the State of Delaware

and was not and is not a citizen of the State of Vermont, wherein this action was brought.  The

principal place of business of Defendant was at the time the action was commenced and still is

located in the State of Georgia and not in the State of Vermont.

6.      Plaintiff also alleges pendent state causes of action for breach of contract,

promissory estoppel, defamation, and unlawful termination in retaliation for filing a worker's

compensation claim.

7.      This Notice of Removal is timely filed pursuant to 29 U.S.C. §1446(b) in that it is

filed within thirty (30) days of receipt of the Complaint by Defendant.

8.      Accordingly, this action is a civil action which may be removed to this Court

pursuant to 29 U.S.C. §§1441(a) and (b) and 1446(b).

9.      Defendant will file a Notice of the Filing of this Notice of Removal and a copy of

the Notice of Removal with the Clerk of Courts for the Chittenden County, Vermont Superior

Court pursuant to 28 U.S.C. § 1446(d).

2

WHEREFORE, Defendant prays that the above-entitled action be removed from the

Chittenden County, Vermont Superior Court to the United States District Court for the District of

Vermont.

Respectfully submitted,

HOME DEPOT U.S.A., INC.

By its attorneys,

Robert P. Joy (Vt. Federal Bar ID # 000406836)
Allison K. Romantz
MORGAN, BROWN & JOY
One Boston Place
Boston, MA 02108
(617) 523-6666

## CERTIFICATE OF SERVICE

A true copy of the foregoing document was served by first class mail, postage prepaid
upon the attorney of record for plaintiff, Roger E. Kohn, Kohn & Rath LLP, P.O. Box 340,
Hinesburg, VT 05461 on this 2th day of February, 2004.

Allison K. Romantz

3

STATE OF VERMONT
CHITTENDEN COUNTY, SS.

JEANETTE O'BRIEN                    )
    Plaintiff                    )
                           )
        v.                    )     Chittenden Superior Court
                           )     Docket No. _____
HOME DEPOT  U.S.A., INC.,          )
    Defendant                    )

## SUMMONS

TO THE ABOVE-NAMED DEFENDANT: HOME DEPOT U.S.A., INC.

    You are hereby summoned and required to serve upon Roger E. Kohn, Plaintiffs' attorney, whose address is Kohn & Rath, LLP, P.O. Box 340, Hinesburg, Vermont 05461, an answer to the complaint which is herewith served upon you, within 20* days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Your answer must also be filed with the court.  Unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiffs, or you will thereafter be barred from making such claim in any other action.  **YOUR ANSWER MUST STATE SUCH A COUNTERCLAIM WHETHER OR NOT THE RELIEF DEMANDED IN THE COMPLAINT IS FOR DAMAGE COVERED BY A LIABILITY INSURANCE POLICY UNDER WHICH THE INSURER HAS THE RIGHT OR OBLIGATION TO CONDUCT THE DEFENSE.**  If you believe that the Plaintiff is not entitled to all or part of the claim set forth in the complaint, or if you believe that you have a counterclaim against the Plaintiff, you may wish to consult an attorney.  If you feel that you cannot afford to pay an attorney's fee, you may ask the clerk of the court for information about places where you may seek legal assistance.

                                             Roger E. Kohn, Esq.
                                             Kohn and Rath, LLP
                                             Plaintiffs' Attorney

Dated: January ___, 2004

                                             *Served on _____
                                                      Date

U:\1-2004\gm\o'brien.summons.wpd(cwm)

                                             Constable, Town of Underhill

STATE OF VERMONT
CHITTENDEN COUNTY, SS

| | | |
|---|---|---|
| JEANETTE O'BRIEN | ) | |
| Plaintiff | ) | Chittenden Superior Court |
| | ) | |
| v. | ) | Docket No. |
| | ) | |
| HOME DEPOT U.S.A., INC., | ) | |
| Defendant | ) | |

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff Jeanette O'Brien, by and through her attorneys, Kohn &

Rath, LLP, and hereby complains against Defendant Home Depot U.S.A., Inc. as follows:

## Introduction

1.      Plaintiff is a resident of the Town of Williston, County of Chittenden, and

State of Vermont.

2.      Defendant is a corporation organized under the laws of the State of

Delaware, which operates a store in Williston, County of Chittenden, and State of

Vermont.

3.      Plaintiff was employed by Defendant from April 1997 to the summer of

2002, at which time she was terminated.

4.      In September, 1998, Plaintiff was injured on the job.

5.      As a result of the injury, Plaintiff applied for and received  workers'

compensation benefits, and missed approximately three months of work as a result of her

injury.

6.     Plaintiff returned to work at the end of November or the beginning of December, 1998, with certain lifting restrictions imposed by her doctors.

7.     On or about May 25, 2002, Plaintiff re-injured her neck and back while moving a Home Depot booth at the South Burlington Sheraton Hotel.

8.     Plaintiff reported the injury to Defendant's Store Manager and Human Resources manager.  Both supervisors told Plaintiff it was "too late" to file a worker's compensation claim.  Based on this misinformation, Plaintiff did not file a claim at that time.

9.     On July 14, 2002, Plaintiff was fired.  On August 20, 2003, more than three weeks after being fired, Plaintiff was contacted by Defendant's Store Manager and told she needed to "resign".  She never did resign, but Defendant has not reinstated her.

10.     Defendant has company procedures and guidelines specifying procedures and circumstances for termination or other discipline of employees, which guidelines were not followed in the instant case.

### Count 1

11.     Plaintiff incorporates by reference, as if set forth in full, paragraphs 1 through and including 10 as above set forth.

12.     Plaintiff was terminated in violation of the established policies and procedures of Defendant.

13.     The termination of Plaintiff by Defendant was wrongful and in violation of Vermont law.

14.     Plaintiff incorporates by reference, as set forth in full, paragraphs 35 through 37 of this Complaint.

## Count II

15.     Plaintiff incorporates by reference, as if set forth in full, paragraphs 1 through and including 10 as above set forth.

16.     Defendant expressly and impliedly contracted with the Plaintiff that she would not be fired in the manner in which she was fired and for the reasons in which she was fired.

17.     Defendant breached said agreement with the Plaintiff.

18.     Plaintiff incorporates by reference, as set forth in full, paragraphs 35 through 37 of this Complaint.

## Count III

19.     Plaintiff incorporates by reference, as if set forth in full, paragraphs 1 through and including 10 as above set forth.

20.     Defendant made promises to Plaintiff that she would not be fired in the manner in which she was fired, and for the reasons in which she was fired.

21.     Defendant was estopped from terminating Plaintiff in the manner and for the reasons she was terminated.

22.     Plaintiff incorporates by reference, as set forth in full, paragraphs 35 through 37 of this Complaint.

Count IV

23.     Plaintiff incorporates by reference, as if set forth in full, paragraphs 1 through and including 10 as above set forth.

24.     Plaintiff was given a pre-textual reason for being fired.  Plaintiff was actually fired for filing a workers' compensation claim, or seeking to file a workers' compensation claim, in violation of Vermont law and public policy.

25.     Plaintiff incorporates by reference, as set forth in full, paragraphs 35 through 37 of this Complaint.

Count V

26.     Plaintiff incorporates by reference, as if set forth in full, paragraphs 1 through and including 10 as above set forth.

27.     Defendant's store manager and human resource manager made false and defamatory statements to other employees and former colleagues, including statements that Plaintiff had been disciplined and "written up" several times prior to her termination, which allegations were untrue.

28.     Said statements were made with knowledge of their falsity, and were published negligently and in reckless disregard of the truth thereof, and/or maliciously.

29.     Plaintiff incorporates by reference, as set forth in full, paragraphs 35 through 37 of this Complaint.

## Count VI

30.    Plaintiff incorporates by reference, as if set forth in full, paragraphs 1 through and including 10 as above set forth.

31.    Defendant is required to notify terminated employees of their right to continued health insurance coverage pursuant to the Federal statutes commonly known as "COBRA."

32.    Defendant failed to notify Plaintiff, in a timely manner, of her rights under COBRA.

33.    Pursuant to Federal law, a plan administrator who fails to satisfy the notification and disclosure requirements under COBRA is personally liable for outstanding health care claims, a per diem penalty from the date of such failure, and attorney's fees, and Plaintiff is entitled to damages for Defendant's failure as aforementioned.

34.    Plaintiff incorporates by reference, as set forth in full, paragraphs 35 through 37 of this Complaint.

## Legal Claims and Damages

35.    The actions of Defendant as aforementioned constituted wrongful termination of Plaintiff in violation of public policy and a breach of contract by Defendant, and were negligent, grossly negligent, willful, reckless, characterized by insult and oppression, malicious, extreme, outrageous, and were otherwise of such character as to give rise to a claim for actual and punitive damages.

)HN & RATH, LLP
TTORNEYS AT LAW
P. O. BOX 340
IESBURG, VERMONT
05461

5

36.     The actions of Defendant aforementioned were unlawful and tortious, and constituted the torts of wrongful discharge, defamation, intentional infliction of emotional distress, and the tort of outrage.

37.     As a direct and proximate result of the actions of a Defendant as aforementioned, Plaintiff has suffered great injury to body and mind, loss of wages, loss of future earning capacity, mental anguish, damage to her reputation, and other damage and financial injury.

<u>Prayer for Relief</u>

WHEREFORE, Plaintiff prays the Court as follows:

a.     To grant her judgement for actual damages in the amount the Court deems just;

b.     To grant her punitive or exemplary damages in the amount the Court deems just;

c.     To grant her interest, the costs of this action, attorney's fees, and such other relief as the Court deems just.

<u>Demand for Jury Trial</u>

Plaintiff hereby demands trial by jury on all issues of fact raised in this action.

Dated at Hinesburg, Vermont, this 9TH day of January, 2004.

Roger E. Kohn, Esq.
Kohn & Rath, LLP
P.O. Box 340
Hinesburg, VT 05461

Attorney for Plaintiff

U:\12-2003\rk\obriencomjurydemandsuperior.ple.wpd(mmc)

OHN & RATH, LLP
TTORNEYS AT LAW
P. O. BOX 340
NESBURG, VERMONT
05461